## CIRCUIT COURT OF LANCASTER COUNTY

Coleman

v.

Ambler

November 20, 1991

By JUDGE JOSEPH E. SPRUILL, JR.

This is in response to your motions to set aside the jury verdict and order a new trial.

The plaintiff in this action was a front seat passenger in a single vehicle accident in which plaintiff suffered a broken neck and incurred medical expenses of $25,254.61. He sued the defendant operator for negligence. The defendant, who herself was clearly negligent, claimed the plaintiff was contributorily negligent and assumed the risk of his injury by purchasing beer for the defendant and remaining in her vehicle when he knew or should have known that she, the defendant, was intoxicated.

On October 9th, a jury returned a verdict in plaintiff's favor of $12,627.30, which was one-half the amount of the medical expenses proven at trial.

Plaintiff moves to set aside the verdict and order a new trial limited to the issue of damages only because the verdict is inadequate.

Defendant moves to set aside the verdict and order a new trial on all issues because the fact that the jury awarded precisely one-half the medical expenses shows this was a compromise verdict.

Counsel have submitted briefs citing authorities supporting their respective positions. With a single exception, *DeWald v. King*, 233 Va. 140 (1987), all cases cited by both counsel refer to *Rawle v. McIlhenny*, 163

Va. 735, 177 S.E. 214 (1934), which seems to be the leading Virginia case on this issue.

*Rawle* describes five separate sets of circumstances or classes of cases in which this issue arises. The case at hand belongs in the fifth class, which are those "cases of conflicting evidence, in which there is sufficient evidence to support a verdict in favor of either the plaintiff or the defendant, but in which there is no clear preponderance of the evidence in favor of either."

In this case, there was evidence to support a verdict in favor of either party. The defendant was drinking at the time of the accident, and the trooper testified that her actions immediately after the accident indicated intoxication. She was too young to purchase beer. The plaintiff was approximately twice her age and had been with defendant for some considerable time prior to the accident. It is apparent that the jury here did not want either party to "win." As stated in *Rawle*, "the evidence with reference to liability has probably exerted a material influence upon the jury in determining the amount of the verdict, or the evidence warrants the inference that, instead of deciding the question of liability, the jury has arbitrarily determined to make both parties bear a part of the burden of the injury."

This was not a complicated case, and the record does not warrant an inference that the size of the verdict was the result of any misconduct or misconceptions on the part of the jury.

For the foregoing reasons, the verdict of the jury will be set aside, and a new trial will be granted on all issues.